ANDREW R. JAMES v. ISABELLA R. JAMES.

1. An entry of "tax not tendered" is not a sufficient compliance by the county auditor with the statute requiring him to certify upon the tax duplicate the "reasons why the taxes could not be collected." Until the treasurer has exhausted his duties of collection, there can be no showing of reasons for non-collection and a tax deed given upon such a showing is invalid.
2. A claim of support by an aged mother against a son can not be maintained under the statute in this behalf. The statute is punitory in behalf of the state, and can not be invoked between parties in a private action.

HOSEA, J.

This cause was heard and submitted to the court for decision upon the pleadings, oral testimony as to waste, an agreed statement of facts as to the other matters involved, and upon oral arguments and briefs of counsel.

Plaintiff, who holds an estate in remainder in a certain lot of land and residence thereon in Walnut Hills, charges that defendant, who is in possession under her life estate in the premises, has committed waste by failure to repair, to the damage of his estate in the sum of $500, has failed to pay taxes and assessments now charged against the property in the sum of $331.93, and has suffered the property

to be sold by the county treasurer in consequence of said non-payment of taxes, wherefore he asks that the life estate of defendant be declared forfeited, and for recovery of the premises and judgment for damages in the sum of $831.93.

The defendant admits the non-payment of certain specified taxes and that a pretended tax sale was made, which she alleges was void, and denies all other allegations.

By way of counter-claim she avers that she has paid $258.49 of street and sewer assessments upon said property, and $75 still remains due as the annual installments payable in 1898 and 1899 and charged upon the tax duplicate of 1900, and prays dismissal of plaintiff's action and a decree apportioning the amount of said assessments and interest and for costs.

At this stage of proceedings Grace B. James, upon her motion, was made a party and files an answer and cross-petition, and admits the tax sale alleging that such sale was made to her for $208.26, and that the property in question was thereupon deeded to her by the auditor of the county, and that she is entitled to possession, and she asks judgment for same against her co-defendant. The answer filed by the original defendant to this intervening cross-petition avers that Grace B. James is not a proper party to the action, that the alleged tax sale is void; and asks for dismissal of the cross-petition of Grace B. James.

Plaintiff's reply admits the tax sale to Grace B. James, who is plaintiff's wife; admits payment by Isabella R. James of sewer and street assessments, amount unknown; and admits the description in advertisements of treasurer and in tax duplicate to be "Isabella R. James, pt., lot 28, 46 x 110 feet, Lane Seminary"; and that the original note by auditor on duplicate is "payment not tendered."

Under ordinary circumstances, Grace B. James would have no right in this suit, because the real contest here is between the remainderman and the life tenant, by which her interests are not affected. But under the peculiar nature of the proceeding making the validity of the tax title a vital question, it is within the recognized rule for avoid-

ance of a multiplicity of suits to consider her a party in interest.

The conclusions of the court are as follows:

(1) *As to the tax title of Grace B. James.* The entry "payment not tendered" is not a sufficient compliance with the statute requiring the auditor to certify on the tax duplicate the "reasons why the taxes could not be collected." This is in fact no reason at all. The statutes point out the duties of auditor and treasurer in the collection of taxes, and empower the treasurer to institute various proceedings designed to facilitate such collections. I have fully discussed this subject in *State, ex rel Wilson,* v. *John H. Gibson,* decided in July, 1903, and subsequently affirmed in general term, and need not refer here to these duties further. Until the treasurer has exhausted his duties in regard to collection there can be no showing as required by the statute as to why the taxes "could not be collected."

The precise point, on the phraseology herein questioned, is decided by the circuit court for this circuit, in 18 C. C., 134, *Matthews* v. *Lewis,* Auditor.

That the reasons for non-collection must be stated, and that otherwise the tax deed is invalid, is held in 35 O. St., 209, *Stambaugh* v. *Carlin.*

It follows, consequently, that the tax deed in question is invalid, and the same result is deducible from the uncertainty of description of the property conveyed by the tax deed, under the fundamental rule that the deed must describe with certainty the land conveyed or contain within itself the means of certainty as to the land conveyed. 13 O. D. (N. P.), 256, *Boone* v. *Cincinnati;* 33 O. St., 395, *Humphries* v. *Huffman* (cit.: various earlier decisions of Supreme Court).

The tax deed being invalid from inherent causes, there is no forfeiture of the life estate of Isabella R. James under Setcion 2852, R. S. (52 O. St., 318, *Estabrook* v. *Royon,* Guardian). In view of the above findings, it is unnecessary to consider the constitutional questions presented and argued.

(2) *As to waste alleged against the life tenant.* From a consideration of the testimony and a personal inspection of the premises made in company with and at the request of both counsel, I find that the allegations of the position in this behalf are not sustained. The premises are occupied by the defendant, Isabella R. James, as a residence and is in a fair condition of repair.

The petition, therefore, must stand dismissed; and coming now to consider the cross-petition of the defendant, Isabella R. James, it appears:

(1) That she has paid various sums for street and sewer assessments and other sums still due; and she asks, under R. S., Section 2268, to have these various charges apportioned between her and the tenant in fee. I see no reason why this claim is not properly to be dealt with in this way under present circumstances, and the rights of all parties equitably adjusted (*Ward* v. *Ward,* G. C. C., 454). But in such adjustment, it may be necessary also to consider the rights of Grace B. James, who, being defeated upon her tax title, nevertheless has, by statute, a lien upon the life estate for (1) the taxes, interest and penalties legally due, with interest, and (2) amounts subsequently paid (R. S., Section 2880). Part of the amount paid by her is for assessments to be distributed between the life tenant and the tenant in fee.

The matter of calculation and distribution of these amounts can and ought to be ascertained and agreed upon by counsel and thus avoid the cost of a reference; and opportunity will be given counsel to this end by suspension of the final entry.

(2) As to the claim of defendant to support by plaintiff, while there is little doubt of the moral basis on which it rests, I am compelled to hold that the legal basis is wanting. The statute in this regard is punitory in behalf of the state, and can not be made the ground of a civil action by individuals concerned.

A decree interlocutory in its nature may be drawn, finding the facts and defining the rights of parties in ac-

cordance with this opinion, leaving the matter of distribution of assessment to be provided for in a final entry.

*H. E. Engelhardt,* for plaintiff.
*Thornton M. Hinkle,* for defendant.